IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN RODRIGUEZ-LOPEZ,<br><br>        Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. CV-F-04-6196 OWW<br>(No. CR-F-02-5313 OWW)<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On September 3, 2004, petitioner Martin Rodriguez-Lopez timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Petitioner pleaded guilty.[1]  Petitioner was sentenced on June 13, 2003 to 57 months imprisonment.  Petitioner appealed his

---

[1] Petitioner's guilty plea was made after jury trial had been confirmed and without the execution of a written plea agreement.

1

1  conviction and sentence to the Ninth Circuit.  Petitioner's
2  conviction and sentence were affirmed on May 7, 2004.
3       Petitioner contends that he was denied the effective
4  assistance of counsel.
5       Claims asserting the ineffective assistance of counsel are
6  analyzed under the two-prong test announced in <u>Strickland v.</u>
7  <u>Washington</u>, 466 U.S. 668 (1984).  As explained in <u>United States</u>
8  <u>v. Quintero-Barraza</u>, 78 F.2d 1344, 1348 (9th Cir. 1995), <u>cert.</u>
9  <u>denied</u>, 519 U.S. 848 (1996):

> According to <u>Strickland</u>, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....'

25 Where a petitioner enters a guilty plea upon the advice of
26 counsel, the voluntariness of the plea depends upon whether the

2

1  petitioner received effective assistance of counsel.  In order to
2  prevail on an ineffective assistance of counsel claim, "the
3  [petitioner] must show that there is a reasonable probability
4  that, but for counsel's errors, he would not have pleaded guilty
5  and would have insisted on going to trial."  Hill v. Lockhart,
6  474 U.S. 52, 56-57 (1985).
7       Petitioner asserts that his right to effective assistance of
8  counsel was denied because "[d]efense counsel did not advised
9  [sic] to the Defendant the opportunity to collaterally attack and
10 challenge his sentence under 28 U.S.C. § 2255."
11      Petitioner cites no authority and none has been discovered
12 that defense counsel has any duty to a criminal defendant to
13 advise him or her of the statutory right to file a Section 2255
14 motion.  Even if such authority exists, petitioner can make no
15 showing of prejudice because petitioner's Section 2255 motion is
16 timely filed.  Therefore, petitioner's motion for relief on this
17 ground is DENIED.
18      Petitioner further asserts he was denied the effective
19 assistance of counsel because "the Defendant's attorney never
20 brought the violation of constitutional right of the defendant
21 based on the 5th Amendment as regards to due process rights of
22 the Defendant and the 6th Amendment as regards to the jury
23 determination of the enhancement in offense level of the crime
24 with which the Defendant is charged beyond a reasonable doubt."
25 Petitioner's claim of ineffective assistance of counsel is based
26 on the Supreme Court's decision in Blakely v. Washington, 542

3

U.S. 296 (2004).

Petitioner's claim is without merit.  Petitioner's base offense level was enhanced pursuant to USSG 2L.1(2)(b)(1)(A) because petitioner had been deported on May 16, 2000, following a conviction for possession of a controlled substance for sale for which he received a two year sentence to state prison.  A sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury.  Blakely, supra, 542 U.S. at 301; United States v. Quintana-Quintana, 383 F.3d 1052, 1053 (9th Cir.2004), cert. denied, 543 U.S. 1130 (2005); United States v. Pacheco-Zepeda, 234 F.3d 411, 415 (9th Cir.2000), cert. denied, 532 U.S. 966 (2001).  Therefore, petitioner's claim for relief on this ground is DENIED.

Petitioner's related argument that the sentence imposed on him is unconstitutional because the USSG 2L.1(2)(b)(1)(A) enhancement was not admitted by petitioner under oath or submitted to a jury is equally without merit pursuant to the cases cited above.  Petitioner's further contention that the Sentencing Guidelines are unconstitutional is foreclosed by Ninth Circuit authority that Blakely v. Washington, supra, and United States v. Booker, 543 U.S. 220 (2005) are not retroactive and do not apply to cases on collateral review where the conviction was final as of the date of publication of Blakely and Booker.  See United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 1181 (2006); Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir.2005).  Petitioner's motion for

4

1  relief on this ground is therefore DENIED.
2       ACCORDINGLY, as set forth above:
3       1.  Petitioner's motion to vacate, set aside or correct
4  sentence pursuant to 28 U.S.C. § 2255 is DENIED;
5       2.  The Clerk of the Court is directed to enter judgment for
6  respondent.
7  IT IS SO ORDERED.

8  **Dated:   July 31, 2006**                      /s/ Oliver W. Wanger
   emm0d6                                   UNITED STATES DISTRICT JUDGE

5